227 A.2d 112.
VIVIAN BERNIER *vs.* PAUL EDWIN BERNIER.

FEBRUARY 28, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin, Kelleher, JJ.

PAOLINO, J. The petitioner brought this action for support under the provisions of G. L. 1956, chap. 11 of title 15, the Reciprocal Enforcement of Support Act. After hearing the petition a justice of the family court entered a decision ordering the respondent to make weekly payments for the support of the minor child involved in these proceedings. The cause is before us on the respondent's appeal from such decision.

This case involves a marriage ceremony between the parties while respondent was already married. The ceremony was performed by a justice of the peace on June 27, 1955 in Putnam, Connecticut.

The petitioner's testimony, in pertinent part, is substantially as follows. She had been going out with respondent for a few weeks prior to June 27, 1955. The respondent told her he was divorced from his wife and free to marry. Shortly after the ceremony she learned he was not divorced

from his wife and for that reason she left and went to Chicago, Illinois, where she gave birth to a baby boy on February 13, 1956. The child resulted from her relations with respondent but, except for $250 which he paid for the hospital bill, he had never sent her any money.

The respondent testified in substance as follows. About six weeks before the ceremony petitioner told him she was pregnant. At that time he believed the child was his and he knew that he had impregnated petitioner. He married her in order to legitimatize the child; she was then seven weeks pregnant. He stayed with her only one night, the night of the ceremony, and took her home the next day. She knew at that time that he was married and not divorced from his wife. He admitted paying the $250 for the hospital bill, but said he did so in response to a letter from her saying that if he paid it she would get an annulment of the marriage and place the child for adoption. About two weeks after the ceremony quite a few things came to light which caused him to greatly doubt that he was the child's father.

As already stated petitioner brought this action under the Reciprocal Enforcement of Support Act. Section 15-11-5 of the act reads as follows:

> "Duty of husband to support wife and minor children.—For the purpose of this chapter, a husband in this state is hereby declared to be liable for the support of his wife if she is over fifty (50) years of age or physically incapacitated and of any child or children under eighteen (18) years of age and any other dependent residing or found in this state or in another state having substantially similar or reciprocal laws, and, if possessed of sufficient means or able to earn such means, may be required to pay for their support a fair and reasonable sum according to his means, as may be determined by the court having jurisdiction of the respondent in a proceeding instituted under this chapter."

This appeal involves only the question of respondent's duty to support the minor child.

The trial justice found that petitioner contracted the marriage in good faith in the belief that respondent was legally competent to marry. He also noted that respondent's actions prior to and immediately after the birth of the child indicated "strongly" that during this period he considered the child as his and gave this as the principal reason for his entering into a marriage ceremony with petitioner. He gave no credibility to respondent's testimony that at a later date he became doubtful of the child's paternity; he labeled such testimony as "purely self serving." He concluded that the marriage, though void in law, was a de facto marriage, and that a child born of such marriage should be deemed legitimate and the father liable for its support.

We shall first take up respondent's contention that the trial justice erred in finding that petitioner contracted the marriage in the full belief that respondent was competent to marry. He argues, in substance, that the circumstances surrounding the marriage indicate that there was no intent on the part of either petitioner or respondent to enter a valid marriage, but rather that the purpose was to give the child the "birth certificate that he is going to need later on in life." The evidence on the question of good faith is conflicting. The petitioner testified that respondent told her he had divorced his wife while respondent testified that she knew he was not free to marry. The trial justice believed petitioner's story and obviously disbelieved that of respondent. He also indicated very strongly that he did not believe respondent's testimony that he had doubts about the child's paternity.

His findings carry great weight with this court and will not be disturbed unless it appears that he has overlooked or misconceived material evidence and that his conclusion is clearly wrong. *Browning* v. *Browning*, 89 R. I. 415. His findings on this issue are supported by competent evidence. He had the opportunity of observing the parties as they

testified and he chose to believe petitioner. We have not been persuaded that he overlooked or misconceived any material evidence. In the circumstances we will not disturb his findings on the question of good faith.

We consider next respondent's contention that §15-11-5 under which petitioner brought this action is not applicable because, as he argues, petitioner is not his wife and the child is illegitimate. In making this argument, he relies on G. L. 1956, §15-1-5, which reads in pertinent part as follows:

> "Bigamous marriage void * * * Any marriage when either of the parties thereto, at the time of such marriage, has a former wife or husband living who has not been, by final decree, divorced from such party * * * shall be absolutely void * * * and the issue of such marriage shall be deemed illegitimate and subject to all the disabilities of such issue."

There might be some merit in respondent's contention were it not for the fact that subsequent to the enactment of §15-1-5 the legislature enacted what is now G. L. 1956, §15-8-21, which read as follows:

> "Legitimation.—Illegitimate children shall become legitimatized by the subsequent marriage of their parents to each other, and the issue of marriages declared null in law shall nevertheless be legitimate."

It is apparent that these two statutes are in conflict with respect to the status of issue of void marriages. We must in reason conclude that the latter statute modified the former, *Posadas* v. *National City Bank*, 296 U. S. 497, at page 503, by providing that "the issue of marriages declared null in law shall nevertheless be legitimate." Under this statute the child here is legitimate even though the marriage is null in law under the provisions of §15-1-5.

Although some cases seem to hold to the contrary, it is generally held that where at least one of the parties acted in good faith in contracting the marriage, "the relationship resulting from a bigamous marriage constitutes a 'marriage'

within the meaning of a statute legitimating issue of all marriages null in law, and that the issue of such bigamous marriages are legitimate under the statute * * *." See Annot., 84 A.L.R. 499, at 500.

We are not concerned with the provisions requiring support for a wife because petitioner is under fifty years of age and not physically incapacitated. As we have previously stated the child was the legitimate issue of the parties by virtue of the provisions of §15-8-21. In our judgment the child involved in these proceedings is a child within the meaning of §15-11-5 and entitled to support from the respondent in accordance with the provisions of that section.

Whether proceedings may have been commenced under G. L. 1956, chap. 8 of title 15, as respondent argues, we do not inquire, because in our judgment the family court had jurisdiction to hear and determine the instant petition under G. L. 1956, §8-10-3, which authorizes the family court to hear and determine matters relating to "paternity of children born out of wedlock and provision for the support and disposition of such children or their mothers * * *." We relate this jurisdiction with the legislative declaration that children born of a void marriage shall be considered legitimate and where, as here, respondent entered into a void marriage, the threshhold question before the family court was the fact of such marriage.

In providing this additional remedy in §8-10-3, the legislature did not limit the period in which petitions to determine paternity may be filed, nor did it specifically provide therein for trial by jury. Since the respondent did not claim a trial by jury in the instant case, we do not inquire whether he was entitled to one.

The appeal of the respondent is denied and dismissed, the decision appealed from is affirmed, and the cause is remanded to the family court for further proceedings in accordance with this opinion.

*Albert E. DeRobbio,* Legal Counsel, Department of Social Welfare, for petitioner.

*Crowe, Hetherington & Chester, Harvey J. Ryan,* for respondent.