Jesse L. ALLEN

v.

Tracy M. ALLEN.

No. 96–289–Appeal.

Supreme Court of Rhode Island.

Oct. 31, 1997.

Jesse L. Allen, Pro Se.

David N. Bazar, Providence, for Tracy M. Allen

**ORDER**

This case came before a panel of the Supreme Court on October 21, 1997, pursuant to an order directing the plaintiff, Jesse L. Allen, to show cause why the issues raised by his appeal should not be summarily decided. The plaintiff has appealed pro se from a Family Court order dismissing his complaint for divorce from the defendant, Tracy M. Allen, and decreeing their marriage void as of the date of the marriage.

After hearing the arguments of the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

On July 7, 1988, plaintiff filed for divorce from Mary Allen, his first wife. On August 6, 1988, while the divorce was pending and prior to a divorce hearing, plaintiff married defendant. Subsequently, on August 11, 1995, plaintiff filed for divorce from defendant.

General Laws 1956 Section 15–1–5, addressing bigamous marriages, provides that, "any marriage when either of the parties thereto, at the time of the marriage, has a former wife or husband living who has not been, by final decree, divorced from such party * * * shall be absolutely void." Because a final divorce decree dissolving plaintiff's first marriage had not been entered prior to plaintiff's entering into the second marriage, the Family Court correctly found that the second marriage was void from its inception.

The plaintiff argued that although void in law, the marriage should have been deemed a de facto marriage as was the case in *Bernier v. Bernier,* 101 R.I. 697, 227 A.2d 112 (1967) where the mother in good faith believed that the father was free to enter into a marriage contract at the time of the marriage ceremony. *Bernier,* 227 A.2d at 115. The issue in *Bernier,* however, was the legitimizing of the birth of a child born during a marriage that was subsequently voided. The legitimization of children is not at issue in this case, and therefore, plaintiff's reliance is misplaced.

The plaintiff also argued that the court should have applied the "putative spouse doctrine," thereby entitling him to the same share of property as a de jure spouse. "A putative spouse is one whose marriage is legally invalid but who has engaged in (1) a marriage ceremony or a solemnization, on

the (2) good faith belief in the validity of the marriage." *Spearman v. Spearman,* 482 F.2d 1203, 1206 (5th Cir.1973). However, the plaintiff's failure to acknowledge his prior marriage on the marriage license, his failure to identify the date his "divorce" became final, and his admission that he was married at the time of the second marriage do not support a finding of good faith and preclude the application of the putative spouse doctrine.

The plaintiff also challenged the distribution of marital assets and alleged at oral argument that certain unspecified items of property that he owned prior to the invalid marriage were assigned to defendant. We are of the opinion that although plaintiff is not entitled to any assets or any portion of any assets owned individually by defendant, including but not limited to defendant's pension plan or any future monetary award resulting from any pending litigation involving defendant, plaintiff does retain rights to all assets he owned individually prior to or during the void marriage.

In conclusion, therefore, we affirm the judgment that the marriage was void ab initio, and we affirm the dismissal of plaintiff's divorce complaint. We remand this case to the Family Court for a determination of whether any assets belonging solely to plaintiff were erroneously assigned to defendant.

FLANDERS and GOLDBERG, JJ., did not participate.